

# The Attorney General of Texas

December 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Hal H. Hood
Commissioner
Firemen's Pension Commission
Sam Houston Building
Austin, Texas 78701

Opinion No. H-1311

Re: The time at which a fireman terminates his active service.

Dear Commissioner Hood:

You have requested an opinion regarding the construction of the Firemen's Relief Pension fund statute, article 6243e, V.T.C.S. Section 25A provides that upon termination of "active service" the retiree is entitled to the benefits and allowances in effect at the time of his termination. You have asked when the termination of active service occurs in a particular instance.

In April, 1977, a fireman went on sick leave. He was retained on the payroll and continued to make contributions to the pension fund. In May of 1978 he was granted a disability retirement pension retroactive to April, 1977. Thus, from April to May of the next year he was drawing the equivalent of his full salary while on sick leave and receiving pension benefits, albeit retroactively. This practice is permissible. Attorney General Opinion H-1241 (1978); C-460 (1965). During this period the monthly pension benefits were increased. The question is whether he is entitled to those in effect in April, 1977, or May, 1978. It is not asserted that the fireman continued in any active duty after April, 1977.

Section 26 defines an active fireman as one who receives a salary as a fireman. However, we do not believe it follows that firemen who are drawing sick leave are on active service while drawing such compensation. We believe that the fireman's election to have his disability benefits retroactive to April, 1977, thereby determines his termination of active service. In Attorney General Opinion V-1101 (1950) it was concluded that a disability absence over one year did not count towards the twenty years of active service required to retire. This opinion supports the proposition that disability leave, for some purposes, is not active service. In addition, section 7, on the subject of disability retirement, provides in part that

if and when such disability shall cease, such retirement or disability allowance shall be discontinued and such person shall be _restored_ to active service at not less than the same salary he _received_ at the time of his retirement for disability.

Art. 6243e, § 7, V.T.C.S. (Emphasis added).  We believe the implication of this section is that one cannot be considered on "active service" during the period of time for which he is drawing disability retirement benefits.

## S U M M A R Y

For purposes of section 25A, article 6243e, V.T.C.S., a fireman's termination of active service is that date on which his disability retirement benefits begin to run.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn